# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA EQUITY ACQUISITIONS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>HANS DOLEIRE,<br><br>     Defendant. | Case No. 16-cv-2670-BAS(JLB)<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(2) TERMINATING DEFENDANT'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |

On September 27, 2016, Plaintiff Sierra Equity Acquisitions, LLC commenced this unlawful-detainer action against Defendant Hans Doleire, who is proceeding *pro se*, in the San Diego Superior Court. One month later, Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, and concurrently filed a motion to proceed *in forma pauperis* ("IFP").

For the following reasons, the Court finds Defendant's Notice of Removal is deficient and **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

//
//
//

## II. ANALYSIS

In order to invoke this Court's federal-question jurisdiction, the defendant must demonstrate that the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "It is settled that the answer to this jurisdictional question must be determined solely from the face of the complaint unaided by the answer, petition for removal or other papers." *Farmco Stores, Inc. v. Newmark*, 315 F. Supp. 396, 397 (E.D. Cal. 1970) (citing *Gully v. F. Nat'l Bank*, 299 U.S. 109, 113 (1936); *Stauffer v. Exley*, 184 F.2d 962, 967 (9th Cir. 1950)).

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar*, 482 U.S. 386, 392 (1987)). A federal "defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, (1987)). A case, therefore, may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 14 (1983); *see also Rivet*, 522 U.S. at 475.

There is no federal question apparent on the face of the complaint, which only asserts a simple unlawful-detainer cause of action pursuant to California Code of Civil Procedure § 1161. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF(SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."); *IndyMac Fed. Bank, F.S.B. v.*

*Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234838, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful-detainer claim). The only reference to a substantive federal statute is presented in defense of Defendant's position, and not from any assertions in the complaint, which is inadequate to create federal subject matter jurisdiction. *See Rivet*, 522 U.S. at 475. In sum, this action arises exclusively under California state law. *See* 28 U.S.C. § 1331.

Furthermore, Defendant concedes that he is a California resident, but states that Plaintiff's citizenship is unknown. (Removal Notice ¶¶ 2-4.) Examining the unlawful-detainer complaint more closely, Plaintiff asserts that it is "a California Limited Liability Company in good standing with the Secretary of State of California." (Compl. ¶ 2.) Thus, even assessing subject matter jurisdiction through the lens of diversity jurisdiction, Defendant fails to provide an adequate basis to pursue this action in federal court because there is no complete diversity among the parties. *See* 28 U.S.C. § 1332.

Having reviewed the unlawful-detainer complaint, the Court finds that there is no jurisdictional basis for the removal. *See Wells Fargo Bank NA v. Zimmerman*, No. 2:15-cv-08268-CAS-MRWx, 2015 WL 6948576, at *4 (C.D. Cal. Nov. 10, 2015) (remanding unlawful-detainer action to state court); *McGee v. Seagraves*, No. 06-CV-0495-MCE-GGH-PS, 2006 WL 2014142, at *3 (E.D. Cal. July 17, 2006) (same)

### III.   CONCLUSION & ORDER

Because Plaintiff does not assert a claim that presents a federal question as required by 28 U.S.C. § 1331, and because it does not allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court also **TERMINATES AS MOOT** Defendant's motion to proceed *in forma pauperis*. (ECF No. 2.)

**In addition, the Court warns Defendant that any further attempt to remove this action without an "objectively reasonable basis for removal" may result in an award of attorneys' fees for Plaintiff.** See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005); 28 U.S.C. § 1447(c); *see also Wells Fargo Bank Nat'l Ass'n v. Vann*, No. 13-cv-01148-YGR, 2013 WL 1856711, at *2 (N.D. Cal. May 2, 2013) (awarding $5,000.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c) following defendant's third attempt to remove unlawful detainer action despite the court's two prior orders remanding the action).

**IT IS SO ORDERED.**

DATED: October 28, 2016

Hon. Cynthia Bashant
United States District Judge